# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIFIN, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Prestige Worldwide Leasing, a Louisiana limited liability company<br><br>Defendants. | Case No.: 3:18-CV-02792-WQH-MDD<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Motion for Default Judgment (ECF No. 11) filed by Plaintiff XIFIN, Inc. (Xifin) against Defendant Prestige Worldwide Leasing, a Louisiana limited liability company (Prestige), and the Motion to File Documents Under Seal filed by Plaintiff Xifin (ECF No. 9).

## Background

Plaintiff is a healthcare information technology company that provides its clients with cloud-based billing services. (ECF No. 1 at 3). Defendant is a healthcare diagnosis service provider organized under the laws of the State of Louisiana with its principal place of business in Louisiana. (ECF No. 1 at 2–3).

On June 23, 2014, Plaintiff entered into a written Systems and Services Agreement (Contract). (ECF No. 1 at 3). Pursuant to the Contract, Plaintiff implemented a revenue performance management system for Defendant and provided Defendant with access to

Defendant's System Environment. (ECF No. 1 at 4). Beginning in May 2016, Defendant became delinquent in paying service fees due under the Contract. (Tammy Lawrence Decl., ECF No. 11-3 ¶ 10). On June 1, 2016, Plaintiff informed Defendant's Chief Information Officer (CIO) of the past due amounts. *Id*. ¶ 11. After June 1, 2016, Plaintiff informed Defendant's CIO and Chief Executive Officer (CEO) on several occasions regarding its delinquent account by email and teleconference. *Id*. ¶ 12. Prestige did not dispute the amount of service fees owed. *Id*. ¶ 13. From November 1, 2014 through September 30, 2017, Plaintiff continued to provide Defendant with services and access, despite Defendant's failure to pay amounts owed and accruing. *Id*. ¶ 14. On June 26, 2017, Plaintiff provided notice of non-renewal of the Contract. *Id*. ¶ 15. Until September 30, 2017, Plaintiff continued to provide Defendant with services and continued to submit claims to third-party payors on Defendant's behalf, despite Defendant's failure to pay amounts owed and accruing. *Id*. ¶ 16. On September 30, 2017, the Contract expired. *Id*.

On December 11, 2018, Plaintiff initiated this action by filing a Complaint against Defendant for breach of contract. (ECF No. 1). On January 7, 2019, Plaintiff filed a Proof of Service, showing that it properly served Defendant a copy of the Complaint. (ECF No. 4). When Defendant failed to respond to the Complaint, Plaintiff filed a Request for an Entry of Default. (ECF No. 5). On January 24, 2019, Plaintiff filed a Certificate of Service, showing that it properly served Defendant an Application for Entry of Default by Clerk of the Court. (ECF No. 6). On January 25, 2019, the Clerk of the Court granted Plaintiff's Request. (ECF No. 7). On July 16, 2019, Plaintiff filed a Motion for Default Judgment and against Defendant and a Motion to File Documents Under Seal. (ECF No. 11).

**Discussion**

**A. Default Judgment**

Federal Rule of Civil Procedure 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend ... the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After default is properly entered, a party seeking relief other than for a sum certain must apply to the Court for a default

judgment. Fed. R. Civ. P. 55(b). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (quotation omitted). Courts consider the following factors when determining whether a default judgment should be granted:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

1. Possibility of Prejudice to Plaintiff

Plaintiff claims Defendant used Plaintiff's services yet failed to pay amounts due under the Contract. Because a denial of default judgment would leave Plaintiff without recourse for recovery, the Court finds the first *Eitel* factor favors granting default judgment.

2. Merits of Plaintiff's Claim & Sufficiency of Complaint

The second and third *Eitel* factors are the merits of a plaintiff's substantive claim and the sufficiency of the complaint. *Eitel*, 782 F.2d at 1471–72. The Ninth Circuit has suggested these two factors require a plaintiff to "'state a claim on which the [plaintiff] may recover.'" *Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13, 1996) (quoting *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)). In its complaint, Plaintiff asserts one claim for breach of contract. Plaintiff alleges the existence of the Contract, Plaintiff's performance, Defendant's breach, and resulting damages. *See Reichert v. General Ins. Co. of America,* 68 Cal. 2d 822, 830 (1968). Accepting the factual allegations as true, as the Court must in deciding the present motion, the Court finds that Plaintiff sufficiently pleaded all the requisite elements of a breach of contract claim. Therefore, these two factors favor entry of default judgment.

3. <u>Amount of Money at Stake</u>

Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct. *Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06– 03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007) (citation omitted). However, when "the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Bd. of Trustees v. Core Concrete Const., Inc.*, No. C 11-02532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012). Plaintiff seeks damages in the amount of $273,211.17, representing $265,033 in unpaid monthly service fees and $8,177.38 in unpaid finance charges. The amount requested is supported by the evidence and reasonably proportionate to the harm caused by Defendant's purported breach of the Contract. Accordingly, this factor weighs in favor of granting default judgment.

4. <u>Possibility of Dispute Over Material Facts</u>

Defendant has refused to participate in this lawsuit. Thus, no possibility of dispute concerning material facts has been presented. The Court takes all factual allegations in the Complaint as true in light of the entry of default. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Therefore, this factor also favors entry of default judgment.

5. <u>Whether Default was Due to Excusable Neglect</u>

A court may consider whether there are circumstances surrounding a party's failure to respond constitutes excusable neglect. *See Eitel*, 782 F.2d at 1472. However, a court may find excusable neglect to be lacking where a defendant was properly served with the complaint and notice of default judgment. *See Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). Here, Defendant has been on notice of its material breach since June 1, 2016. (Tammy Lawrence Decl., ECF No. 11-3 ¶ 11). On December 18, 2018, Defendant was properly served with the complaint. (ECF No. 4). On January 24, 2019, Plaintiff filed a Certificate of Service, showing that it properly served Defendant an Application for Entry of Default by Clerk of the Court. (ECF No. 6). Defendant was properly served the Clerk of the Court's entry of default (ECF No. 7) and

the instant motion for this Court's entry of default judgment (ECF No. 11). Yet Defendant failed to answer the Complaint and did not oppose the above-referenced motions or object to the Clerk of the Court's entry of default. Therefore, this factor weighs in favor of default judgment.

6. Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. In this case, however, the other *Eitel* factors outweigh this general policy because of Defendant's "failure to answer Plaintiff's [c]omplaint makes decision on the merits impractical, if not impossible." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

**B. Damages**

Under Rule 8(a)(3), a plaintiff's demand for relief must be specific, and he "must 'prove up' the amount of damages." *Philip Morris USA Inc. v. Banh*, No. CV 03–4043 GAF (PJWx), 2005 WL 5758392, at *6 (C.D. Cal. Jan. 14, 2005); *Elektra Entmn't Grp., Inc. v. Bryant*, No. CV 03–6371 GAF(JTLX), 2004 WL 783123, at *5 (C.D. Cal. Feb. 13, 2004) ("Plaintiffs must 'prove up' the amount of damages that they are claiming."). Rule 54(c) limits the relief that can be sought in a motion for entry of default judgment to that identified in the complaint. Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). *See also PepsiCo*, 238 F. Supp. 2d at 1174 (stating that a default judgment "shall not be different in kind from or exceed in amount that prayed for in the [complaint]"). A defaulting defendant is not deemed to have admitted facts concerning damages alleged in the complaint. *See id.* at 1177 ("Upon entry of default, all well pleaded facts in the complaint are taken as true, except those relating to damages.") (citing *TeleVideo Sys.*, 826 F.2d at 917-18).

Plaintiff seeks an award of monetary damages in the amount of $273,211.17, consisting of (1) service fees in the amount of $205,033.79, which is calculated based on § 2.1 and Schedule 1 of the Contract; (2) the finance charges in the amount of $8,177.38 pursuant to § 3.4 of the Contract; and (3) acceleration of minimum service fees in the

amount of $60,000. In support of its request, Plaintiff has submitted the Contract, the Declaration of Plaintiff's Vice President of Financial and Sales Operations, and copies of invoices reflecting the outstanding balance. Based on the evidence presented, the Court concludes the Plaintiff has sufficiently demonstrated that it is entitled to the requested damages.

**C. Motion to Seal**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006*) quoting Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978). "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the compelling reasons standard. That is, the party must articulate compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (citations and quotation marks omitted). The presumed right to access to court proceedings and documents can be overcome "only by an overriding right or interest 'based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Oregonian Publishing Co. v. United States District Court*, 920 F.2d 1462, 1465 (9th Cir. 1990*) quoting Press-Enterprise Co. v. Superior Court*, 446 U.S. 501, 510 (1985).

"Under the compelling reasons standard, the district court must weight relevant factors, base its decision on a compelling reason, and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010) (quotations omitted). "'Relevant factors' include the 'public interest in understanding the judicial process and whether disclosures of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.'" *Id.* at 659 n.6 (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995); *see also Kamakana*, 447 F.3d at 1179 ("In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records

exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.").

Plaintiff seeks to seal the Services Agreement it entered into with Defendant because it contains commercially sensitive business information. ECF No. 9 at 2. Plaintiff asserts that the "proprietary cloud-based billing and information sharing services to process laboratory and other medical claims" contained within the Services Agreement could put Xifin at a competitive disadvantage with future clients and competitors if disclosed. *Id.* at 3. The evidence in the record shows that the Services Agreement contains detailed information about Xifin's pricing structure and its proprietary service protocols and processes, among other information, that could expose Plaintiff to a competitive disadvantage if revealed. *See In re Electronic Arts*, 298 Fed.Appx. 568, 569 (9th Cir. 2008) (finding a compelling reason to exist where disclosure would reveal "sources of business information that might harm a litigant's competitive standing.").

**Conclusion**

IT IS HEREBY ORDERED that Motion for Default Judgment filed by Plaintiff XIFIN, Inc. is granted. (ECF No. 11). Default Judgment shall be entered against Defendant Prestige Worldwide Leasing, LLC, in favor of Plaintiff XIFIN, Inc., in the amount of $273,211.17. Plaintiff is entitled to post judgment interest at the rate of 10% per annum from the date of entry of this Judgment until paid.

IT IS FURTHER ORDERED that the Motion to File Documents Under Seal filed by Plaintiff is granted. (ECF No. 9).

Plaintiff shall submit a proposed Judgment.

Dated: September 17, 2019

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court